# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
MULLIGAN, FEBBO, and WOLFE
Appellate Military Judges

**UNITED STATES, Appellee**
v.
**Staff Sergeant JOSHUA D. SMITH**
**United States Army, Appellant**

ARMY 20160307

Headquarters, 1st Special Forces Command (Airborne)
Deidra Fleming, Military Judge
Lieutenant Colonel Terri J. Erisman, Staff Judge Advocate (pretrial)
Lieutenant Colonel Scott T. Ayers, Staff Judge Advocate (recommendation)
Major Nathan J. Bankson, Acting Staff Judge Advocate (addendum)

For Appellant:  Captain Joshua B. Fix, JA; Philip D. Cave, Esquire (on brief and supplemental brief); Captain Zachary A. Gray, JA; Philip D. Cave, Esquire (on reply brief).

For Appellee:  Colonel Tania M. Martin, JA; Captain Marc B. Sawyer, JA; Captain Jonathan S. Reiner, JA (on brief).

18 June 2018

----------------------------------
SUMMARY DISPOSITION
----------------------------------

Per Curiam:

A military judge sitting as a general court-martial convicted appellant, contrary to his pleas, of one specification of aggravated sexual assault of a child, one specification of abusive sexual contact of a child, three specifications of indecent liberties with a child, two specifications of assault consummated by a battery upon a child under the age of 16, one specification of assault consummated by battery, and one specification of communicating a threat, in violation of Articles 120, 128, and 134, Uniform Code of Military Justice, 10 U.S.C. §§ 920, 928, and 934 (2006 & Supp. I 2008) [UCMJ].  The military judge sentenced appellant to a dishonorable discharge, confinement for nine years, and reduction to the grade of E-1.  The convening authority (CA) approved the sentence, but credited appellant with 120 days against confinement for dilatory post-trial processing.  *See United States v. Moreno*, 63 M.J. 129 (C.A.A.F. 2006).

SMITH—ARMY 20160307

This case is before us for review pursuant to Article 66, UCMJ. Appellant raises two issues, one of which, involving proper credit for illegal pretrial punishment, merits discussion and relief.[1] Appellant correctly asserts the CA's action failed to properly credit appellant forty-five days for Article 13, UCMJ credit. Therefore, we provide appellant forty-five days confinement credit in our decretal paragraph. We have considered the matters personally asserted by appellant pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982), and find they lack merit.

## DISCUSSION

After reviewing the record of trial, we would have summarily affirmed appellant's conviction but for the multiple errors by the Staff Judge Advocate's (SJA) office in preparing the action in this case for the CA.[2]

Prior to trial, appellant was placed in pretrial restraint under Rule for Court-Martial [R.C.M.] 304 in the form of conditions on his liberty. At trial, trial and defense counsel agreed that appellant should receive forty-five days of confinement credit for a violation of Article 13, UCMJ, and the military judge so awarded this relief upon announcement of the sentence. The credit was properly noted in the initial Staff Judge Advocate Recommendation (SJAR). Subsequently, appellant

---

[1] We considered but find no merit in appellant's other assigned error which asserts the evidence is legally and factually insufficient to support the findings of guilty for the Article 120, UCMJ, offenses involving his stepdaughter, Ms. SH. At trial, appellant focused on the credibility of Ms. SH. The defense theory of the case included that Ms. SH had a reputation for being untruthful, fabricated the allegations to assist her mother's divorce, and was coached in her testimony. The defense impeached Ms. SH though prior inconsistent pretrial statements to her family, investigators, and counsel. Despite these claims, we find a reasonable factfinder, viewing the evidence in the light most favorable to the prosecution, could find all of the essential elements of these offenses. *See Jackson v. Virginia*, 443 U.S. 307, 319, 61 L. Ed. 2d 560, 99 S. Ct. 2781 (1979). Having reviewed the entire record, recognizing that the trial judge saw and heard the witnesses, and applying the framework of our superior court's decision in *United States v. Washington*, 57 M.J. 394, 399 (C.A.A.F. 2002), we likewise are convinced of appellant's guilt beyond a reasonable doubt. Based on the entire record, we find Ms. SH was credible, did not fabricate the allegations, and was consistent on the key details of the charged offenses.

[2] We also note the promulgating order, among other errors, improperly reflected the wrong date for the CA's action as well as the date the sentence was announced. The Court will separately issue a Notice of Court-Martial Order Correction to remedy these errors.

requested in his Rules for Courts-Martial 1105 and 1106 matters a reduction of his sentence for dilatory post-trial processing. In the SJA addendum, the SJA agreed there was an unreasonable delay, and recommended "120 days confinement credit should be granted on the basis of post-trial delay." However, the addendum failed to advise the CA that the appellant should have been be credited forty-five days for the Article 13 violation and the CA's action was silent as to this credit. On appeal, the government concedes the initial action was incorrect.

While conducting our Article 66(c) review we noticed an additional error in the CA's action. Namely, the CA's initial action failed to account for the prior deferral of the automatic forfeitures and adjudged and automatic reduction in grade prior to action, and waiver of automatic forfeitures after action,[3] as directed in Army Reg. 27-10, Legal Services: Military Justice, para. 5-32 (11 May 2016).

In the interest of judicial economy, this court takes corrective action in the decretal paragraph. *See United States v. Adney*, 61 M.J. 554, 557 (Army Ct. Crim. App. 2005).

## CONCLUSION

Upon consideration of the entire record, we AFFIRM the findings of guilty. We AFFIRM only so much of the sentence as extends to a dishonorable discharge, confinement nine years, and reduction to the grade of E-1. The convening authority deferred automatic forfeitures and reduction in grade from 13 May 2016 until initial action on 2 February 2017. Upon taking action on 2 February 2017 the convening authority waived automatic forfeiture of pay and allowances required under Article 58b, UCMJ, for a period of six months and directed the disbursement of the waived forfeitures, by allotment, as follows: one allotment for $800 to CH on behalf of appellant's biological son, D, and the remainder in a separate allotment to Mrs. MS. Appellant will be credited with 165 days confinement against the sentence to confinement.

All rights, privileges, and property, of which appellant has been deprived by virtue of this decision are ordered restored. See UCMJ 58a(b), 58b(c), and 75(a).

FOR THE COURT:

JOHN P. TAITT
Chief Deputy Clerk of Court

---

[3] On 15 July 2016, the CA separately deferred the adjudged reduction, automatic reduction, and automatic forfeitures until initial action. The CA waived the automatic forfeitures for six months after action.